IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAUREN MASTRIPOLITO, | : | CIVIL ACTION |
| | : | NO. 19-21708 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFERSON HEALTH-NEW JERSEY, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                August 12, 2022

## I.   INTRODUCTION

This case concerns a hostile work environment claim brought by Lauren Mastripolito ("Plaintiff") against her former employer, Jefferson Health – New Jersey ("Defendant"). Plaintiff alleges that she was sexually assaulted by her coworker, Anthony Hailey, at Defendant's Washington Township Dialysis Center. Plaintiff alleges that after she filed an internal complaint against Hailey with Defendant, Defendant failed to take proper remedial measures, in violation of Title VII of the Civil Rights Act of 1964 and New Jersey's Law Against Discrimination.

Before the Court is Defendant's motion to exclude the expert report and testimony of Michael Torchia, Esq., Plaintiff's employment expert. For the following reasons, the Court will grant the motion in part and deny it in part. Though

certain portions of the report should be struck because the report improperly relies on evidence previously deemed inadmissible, the Court will not exclude Torchia's report and testimony in their entirety.

**II.  BACKGROUND: TORCHIA'S PRIOR REPORT**

In support of her hostile work environment claim, Plaintiff retained Michael Torchia, Esq., an employment lawyer based in Pennsylvania who has testified as an expert on workplace investigations in other cases. Plaintiff offers Torchia's report as a means to establish employer liability.

"[E]mployer liability for co-worker harassment exists only if the employer failed to provide a reasonable avenue for complaint or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." Huston v. Procter & Gamble Paper Prod. Corp., 568 F.3d 100, 104 (3d Cir. 2009). "[T]he law does not require that investigations into sexual harassment complaints be perfect. Rather, to determine whether the remedial action was adequate, we must consider whether the action was reasonably calculated to prevent further harassment." Knabe v. Boury Corp., 114 F.3d 407, 412 (3d Cir. 1997) (internal citations and quotation marks omitted). However, an "investigation might be carried out in a way that prevents the discovery of serious and significant harassment by an employee

2

such that the remedy chosen by the employer could not be held to be reasonably calculated to prevent the harassment." Id. at 414.

Defendant previously moved to exclude Torchia's expert report and testimony. Defendant did not contest Torchia's credentials, but instead argued that the report impermissibly opined on the ultimate legal conclusion of whether Defendant's actions were "reasonably calculated to prevent further harassment," and that allowing Torchia to testify would not assist the trier of fact. Id.

In considering Defendant's motion, the Court explained that Torchia's report "include[d] several pages that outline the relevant caselaw and legal standard" and held that those portions of the report should be excluded. Mastripolito v. Jefferson Health-New Jersey, __ F. Supp. 3d ___, 2022 WL 334169 at *2 (D.N.J. Feb. 2, 2022). The Court held that Torchia would not be permitted to offer an ultimate legal conclusion on the issues. Id. at *4. The Court additionally held that Torchia would be permitted to generally "offer[] an opinion on the relevant industry standards for conducting a proper and appropriate investigation," and that Torchia would be permitted to submit an updated report to that effect. Id.

The Court also ruled on several other motions in limine, which were distinct from Defendants' motion to exclude Torchia's report. Of relevance here, the Court granted Defendant's motion

3

to exclude evidence of Hailey's past workplace conduct, including evidence related to attendance issues, performance write-ups, absences, and improper methods of collecting patient vital signs because such evidence would be inadmissible under Federal Rule of Evidence 404(b). Id. at *4-*5. The Court also held that evidence of a 2008 workplace incident report and a related corrective action notice involving a patient's allegations of sexual misconduct against Hailey were inadmissible under Federal Rule of Evidence 403 because the incident report "is more than a decade old, is somewhat illegible, and does not clearly describe what Mr. Hailey was accused of." Id. at *6.[1]

Plaintiff has since submitted a revised expert report and Defendant now moves to exclude/strike[2] it. In its motion, Defendant argues that Torchia's revised report references evidence that the Court previously held was inadmissible so

---

[1] The Court also granted Defendant's motion to exclude evidence of Hailey's past criminal history as unopposed.

The Court additionally considered whether an email detailing a human resources' interview with another employee should be excluded as hearsay. Id. In the email, the human resources employee explained that Hailey made "creepy" comments to her. Id. The Court held Plaintiff could not use the contents of this email to prove the truth of the matter asserted, but held that the email could be introduced for the limited purpose of determining whether the head of Defendant's human resources department properly considered this information in her investigation. Id. at *6-*7.

[2] While Defendant frames this as a motion to strike, and while certain portions of Torchia's report should be struck, the Court will consider this to be a motion in limine because Defendant's arguments are premised on the Federal Rules of Evidence.

4

Torchia's report and testimony should be excluded in their entirety. The motion is now ripe before the Court.

### III. LEGAL STANDARD

Motions in limine "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017) (citing Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)). "The trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Id. (citing Leonard v. Stemtech Health Sciences, Inc., 981 F. Supp. 2d 273, 276 (D. Del. 2013)). The party seeking to exclude evidence "bears the burden of demonstrating that the challenged evidence is inadmissible 'on any relevant ground.'" Apotex, Inc. v. Cephalon, Inc., No. 2:06-CV-2768, 2017 WL 2362400, at *2 (E.D. Pa. May 31, 2017) (quoting Leonard, 981 F. Supp. 2d at 276).

### IV. DISCUSSION

Though Torchia's revised report generally complies with the Court's prior order because it does not discuss the caselaw or relevant legal standard, Defendant again moves to exclude Torchia's revised report and testimony.

Plaintiff still offers Torchia's report as a means to show that Defendant's internal investigation was carried out in a

5

manner that impeded "the discovery of serious and significant harassment." Knabe, 114 F.3d at 414. Torchia's revised report discusses the manner in which Defendant's human resources ("HR") team, including Julie Ellis, Lakisha Reddick, and Cecelia Roche, investigated Plaintiff's allegations. Torchia Rep., ECF No. 79-2 at 11. The report offers examples of how these investigators deviated from the relevant industry standards. Id.

Plaintiff explains that in certain instances, Defendant's HR investigators deviated from industry standards because (1) the investigation was not conducted by knowledgeable, experienced and unbiased investigators, (2) the investigation should not have been conducted by two investigators interviewing witnesses separately, (3) the investigators failed to prepare an investigative report, (4) the investigators failed to make credibility determinations, (5) the investigators failed to conduct a thorough investigation, and (6) the complainant was not timely informed of the outcome of the investigation.

As a preliminary matter,[3] pursuant to the Court's prior opinion, Torchia is precluded from offering an ultimate conclusion about whether Defendant's conduct, overall, violated industry standards such that the remedial actions Defendant implemented were not "reasonably calculated to prevent further

---

[3] Defendant does not argue that it was improper for Torchia to generally opine on these issues.

harassment." Knabe, 114 F.3d at 412. However, Torchia may still opine on whether Defendant's HR investigators took actions that deviated from specific industry standards in certain instances. See Fed. R. Evid 704(a) ("an opinion is not objectionable just because it embraces the ultimate issue.").[4]

Defendant generally argues that Torchia's report should be excluded because his conclusions rely on evidence the Court has already deemed inadmissible. The Court has substantial discretion in determining what expert evidence may be admitted. Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006). Federal Rule of Evidence 703 is clear on the admissibility of expert testimony:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

---

[4] The advisory committee's note to Rule 704 provides an instructive example. The advisory committee explains that, in the context of a will contest, an opinion on the question "'Did T have capacity to make a will?' would be excluded, while the question, 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' would not." Fed. R. Evid. 704 advisory committee's note on proposed rules.
   Here, while Torchia cannot opine on whether Defendant violated industry standards such that Defendant's actions were not reasonably calculated to prevent further harassment, Torchia may, for example, opine that certain actions by the HR investigators resulted in their failure to conduct a thorough investigation.

Fed. R. Evid. 703. Thus, under Rule 703, an expert may rely on inadmissible evidence in certain circumstances. Id. However, the Court must employ a balancing test to consider whether the probative value of the evidence substantially outweighs its prejudicial effect. Fed. R. Evid. 703 advisory committee's notes to 2000 amendment.

While Defendant argues that the entire report should be excluded, its arguments can be distilled into three distinct issues. Defendant argues that the portions of Torchia's report that rely on evidence pertaining to (A) a 2008 incident report referencing a patient complaint, (B) specific evidence of Hailey's past workplace conduct, and (C) opinions related to Hailey's credibility, should be struck from the report.[5] These issues will be addressed in turn.

**A. References to the 2008 Incident Report**

As noted, the Court has already held that Plaintiff may not introduce evidence of the 2008 incident report regarding a patient complaint because "unfair prejudice of introducing the incident report and related corrective action notice would substantially outweigh any probative value such evidence may

---

[5] Defendant also argues that experts in the field would not rely on the type of evidence Torchia relies on in his report. However, Defendant does not offer substantive arguments supporting this, so the Court declines to exclude Torchia's report on this basis.

8

have." Mastripolito, 2022 WL 334169, at *6. Here, Defendant argues that Torchia's report should be excluded because it makes references to the 2008 incident report.

Torchia's report only includes two references to the 2008 incident report. The first reference is included in the section of Torchia's report regarding how the HR investigators failed to make credibility determinations. The report points to an excerpt from HR Investigator Celia Roche's deposition noting that Julie Ellis, Defendant's Vice President of HR, would have wanted to examine the previous incident report and patient complaint. Torchia Rep., ECF No. 79-2 at 25. The second reference is included in the section of Torchia's report examining why the "investigators failed to conduct a thorough investigation." See id. at 26-27. That section provides a list of fourteen reasons why Defendant failed to conduct a thorough investigation and references how Defendant's HR personnel failed to consider the 2008 incident report. Id. at 27.

Though under Rule 703, an expert may rely on otherwise inadmissible evidence, because the Court has already found that this evidence would be substantially prejudicial, in considering Rule 703's balancing test, the Court will not permit Torchia to discuss this evidence here. Plaintiff shall strike all references to this incident from the expert report and Torchia shall be precluded from referencing it during trial. However,

9

this does not warrant striking the entire report as two brief references to this inadmissible evidence can hardly taint the entirety of the report.

### B. Discussion of Hailey's Workplace History

The Court previously held that evidence of Hailey's prior workplace history, including evidence of attendance issues and performance write-ups, are not admissible as they constitute improper character evidence in violation of Federal Rule of Evidence 404(b)(1). Mastripolito, 2022 WL 334169, at *4-*5. In his revised report, Torchia references evidence of Hailey's workplace disciplinary history in several places. Torchia Rep., ECF No. 79-2 at 25-27.

Torchia first references Hailey's workplace history in the section regarding how the HR investigators failed to make credibility determinations. Torchia's report references an excerpt from the deposition of Lead HR investigator Lekisha Reddick. Reddick testified that Hailey had a history of not following workplace rules. Torchia Rep., ECF No. 72-9 at 23. This is the same type of impermissible character evidence that the Court already deemed inadmissible. Accordingly, Plaintiff shall strike this reference to Reddick's testimony from the report.

Torchia's report also includes more general references to workplace history. The revised report states that HR

investigator Celia Roche did not confirm if Hailey had been suspended in the past and includes a general reference to the potential relevance of "Hailey's past disciplinary and performance history." Id. at 26. Additionally, in the section explaining how the investigators failed to conduct a thorough investigation, the report notes that Celia Roche never reviewed Hailey's past disciplinary records. Id. at 25-26. These references should not be struck from the report as they do not refer to specific instances of past workplace conduct that the Court has already deemed inadmissible. These references are additionally relevant because, according to Torchia's report, it is proper for an employer investigating workplace misconduct to consider whether the alleged perpetrator generally has a disciplinary history. See id. at 15 (noting that an experienced investigator would most likely "not hesitate to review the relevant personnel files and previous incidents concerning both the complainant and the alleged harasser").

    Accordingly, though Torchia may generally discuss why HR investigators should rely on prior workplace records during the course of their investigation, Plaintiff shall strike any references to specific instances of past workplace conduct from the report.

**C. Discussion of Hailey's Credibility**

Defendant argues that Torchia's report improperly opines on Hailey's credibility. Defendant notes that opinions related to credibility are improper because the "evaluation of witness credibility is the exclusive function of the jury." <u>Bhaya v. Westinghouse Elec. Corp.</u>, 832 F.2d 258, 262 (3d Cir. 1987) (citing <u>Carter v. Duncan-Huggins, Ltd.</u>, 727 F.2d 1225, 1234 (D.C. Cir. 1984)).[6] However, Torchia's report does not opine on Hailey's credibility. Instead, Torchia's opinion provides that HR investigators should make their own credibility determinations of the individual they are investigating before concluding their investigation. Torchia explains that the HR investigators in this case failed to do so. Torchia Rep., ECF No. 79-2 at 22-26.

Here, it would be improper for Torchia to personally opine on Hailey's credibility or use witness testimony as a conduit for that assertion. <u>Bhaya</u>, 832 F.2d at 262. However, as Plaintiff notes, Torchia may explain how "the industry standard is for the investigator to consider a witness's credibility and

---

[6] Defendant also requests the Court preclude Joanne Marcellina and Yvonne Berwick, other witnesses in this case, from testifying about their opinions of Hailey's character and trustworthiness. To the extent Defendant argues that the Court should preclude Marcellina and Berwick from testifying about their general opinions of Hailey's credibility or trustworthiness, the Court will take this argument under advisement. Ruling on the issue at this time would require the Court to improperly speculate about Marcellina's and Berwick's testimony. Defendant may raise an objection to such testimony during the appropriate time at trial.

to make credibility determinations, which Defendant did not do in this case." Pl. Resp., ECF No. 80 at 8. Though Torchia may not include his personal opinion on whether Hailey is credible, Torchia may explain whether the HR investigators properly considered Hailey's credibility during the course of their investigation.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion in part and deny it in part.